# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. JOHN HENRY KOONTZ,<br>2. LILLIAS MATHIE KOONTZ,<br><br>　　　Plaintiffs,<br><br>v.<br><br>1. CSAA FIRE & CASUALTY INSURANCE COMPANY, a foreign for profit Insurance Corporation,<br><br>　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No.:　CIV-18-801-SLP<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

### A. Parties

1. Plaintiffs, John Henry Koontz and Lillias Mathie Koontz, are each citizens of the State of Oklahoma.

2. Defendant, CSAA Fire & Casualty Insurance Company, is a foreign for-profit insurance corporation, incorporated and organized under the laws of the State of Indiana.

3. The principal place of business for Defendant, CSAA Fire & Casualty Insurance Company, is Walnut Creek, California.

4. The Defendant, CSAA Fire & Casualty Insurance Company, is licensed to conduct business in the State of Oklahoma and may be served with process through the Oklahoma Department of Insurance.

5.     This action is not related to any other case filed in this court.

## B. Jurisdiction

6.     The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is diversity between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## C. Facts

7.      At all times material hereto, the Plaintiffs, John Henry Koontz and Lillias Mathie Koontz, owned a home located  9216 Cassidy Court, Midwest City, Oklahoma, which was insured under the terms and conditions of a homeowners insurance policy, policy number HO5-003839386, issued by the Defendant, CSAA Fire & Casualty Insurance Company.

8.     At all times material hereto, the Plaintiffs, John Henry Koontz and Lillias Mathie Koontz, complied with the terms and conditions of their insurance policy.

9.     On or about April 15, 2017, the Plaintiffs' home sustained damage as a result of hail.

10.    Hail is a covered peril not limited or excluded pursuant to the terms and conditions of Plaintiffs' insurance policy.

## D. Count I: Breach of Contract

11.    Plaintiffs, John Henry Koontz and Lillias Mathie Koontz, hereby assert, allege and incorporate paragraphs 1-10 herein.

12. The homeowners insurance policy, policy number HO5-003839386, issued by Defendant, CSAA Fire & Casualty Insurance Company, was in effect at the time of Plaintiffs' hail loss.

13. Subsequent to the hail storm, Plaintiffs, John Henry Koontz and Lillias Mathie Koontz, timely submitted a claim to Defendant, CSAA Fire & Casualty Insurance Company (Claim No.1002-32-1542). Defendant unreasonably refused to issue payment to repair and/or replace Plaintiffs' obviously hail damaged roof. Defendant's refusal to pay to repair and/or replace the Plaintiffs' hail damaged property constitutes a breach of the insurance policy.

14. The acts and omissions of Defendant, CSAA Fire & Casualty Insurance Company, in the investigation, evaluation, and denial of Plaintiffs' claim were unreasonable and constitute a breach of contract for which contractual damages are hereby sought. Defendant, CSAA Fire & Casualty Insurance Company, breached its contract with Plaintiffs, John Henry Koontz and Lillias Mathie Koontz, by failing to conduct a reasonable investigation of the Plaintiffs' claim and by improperly denying payment and coverage for Plaintiffs' obviously hail damaged roof. Defendant ignored and refused to consider obvious evidence of hail damage and denied the Plaintiffs' claim improperly, without adequate investigation, and without any reasonable basis. During the claim, Defendant's field adjuster, Alan Heise, inspected Plaintiffs' roof for hail damage. During this inspection, Mr. Heise

intentionally caused permanent damage to Plaintiffs' shingles by forcibly unsealing them. During the inspection of Plaintiffs' roof, Mr. Heise observed obvious hail impacts to the Plaintiffs' shingles. Instead of documenting and issuing payment for this covered hail damage, Mr. Heise, as part of CSAA's bad faith pattern and practice of refusing payment for covered hail and wind losses, used some form of putty knife and unsealed numerous shingles on Plaintiffs' roof. Mr. Heise then told Plaintiffs that Defendant would not pay for the hail damage unless it penetrated all the way through the back side of the shingle mat. Defendant then denied payment for both the obvious hail damage caused by the storm and the damage caused by Mr. Heise's intentional unsealing of Plaintiffs' shingles. When Plaintiffs requested a re-inspection, Defendant's assigned adjuster, Alan Heise, arrived at the re-inspection but unreasonably refused to access Plaintiffs' roof and re-inspect the damage.

### E. Count II: Bad Faith

15. Plaintiffs, John Henry Koontz and Lillias Mathie Koontz, hereby assert, allege and incorporate paragraphs 1-14 herein.

16. The acts and omissions of the Defendant, CSAA Fire & Casualty Insurance Company, in the investigation, evaluation and denial of Plaintiffs' claim were unreasonable and constitute bad faith for which bad faith and extra-contractual damages are hereby sought.

17.     Defendant CSAA Fire & Casualty Insurance Company's unreasonable refusal to pay the cost to fully repair and/or replace the Plaintiffs' obviously hail damaged property is a bad faith breach of Plaintiffs' insurance policy. Defendant, CSAA Fire & Casualty Insurance Company, acted in bad faith by failing to conduct a reasonable investigation of the Plaintiffs' claim and by improperly denying payment and coverage for Plaintiffs' obviously hail damaged roof. Defendant ignored and refused to consider obvious evidence of hail damage and denied the Plaintiffs' claim improperly, without adequate investigation, and without any reasonable basis. During the claim, Defendant's field adjuster, Alan Heise, inspected Plaintiffs' roof for hail damage. During this inspection, Mr. Heise intentionally caused permanent damage to Plaintiffs' shingles by forcibly unsealing them. During the inspection of Plaintiffs' roof, Mr. Heise observed obvious hail impacts to the Plaintiffs' shingles. Instead of documenting and issuing payment for this covered hail damage, Mr. Heise, as part of CSAA's bad faith pattern and practice of refusing payment for covered hail and wind losses, used some form of putty knife and unsealed numerous shingles on Plaintiffs' roof. Mr. Heise then told Plaintiffs that Defendant would not pay for the hail damage unless it penetrated all the way through the back side of the shingle mat. Defendant then denied payment for both the obvious hail damage caused by the storm and the damage caused by Mr. Heise's intentional unsealing of Plaintiffs' shingles. When Plaintiffs requested

a re-inspection, Defendant's assigned adjuster, Alan Heise, arrived at the re-inspection but unreasonably refused to access Plaintiffs' roof and re-inspect the damage.

18.  Defendant CSAA Fire & Casualty Insurance Company's refusal to pay for the damage to Plaintiffs' hail damaged property was unreasonable, outside of insurance industry standards, and was committed in bad faith.

### F. Punitive Damages

19.  Plaintiffs, John Henry Koontz and Lillias Mathie Koontz, hereby assert, allege and incorporate paragraphs 1-18 herein.

20.  The unreasonable conduct of the Defendant, CSAA Fire & Casualty Insurance Company, in the handling of Plaintiffs' claim was intentional, willful, wanton and was committed with a reckless disregard for the rights of the Plaintiffs, John Henry Koontz and Lillias Mathie Koontz, for which punitive damages are hereby sought.

### G. Demand for Jury Trial

21.  Plaintiffs, John Henry Koontz and Lillias Mathie Koontz, hereby request that the matters set forth herein be determined by a jury of their peers.

### H. Prayer

22.  Having properly pled, Plaintiffs, John Henry Koontz and Lillias Mathie Koontz, hereby seek contractual, bad faith and punitive damages against the

Defendant, CSAA Fire & Casualty Insurance Company, together in an amount in excess of $75,000.00; including costs, interest and attorney fees.

                                                  Respectfully submitted,

                                                  S/ *Michael D. McGrew*
                                                  Michael D. McGrew, OBA# 013167
                                                  McGrew, McGrew & Associates, PC
                                                  400 N. Walker, Suite 115
                                                  Oklahoma City, Oklahoma 73102
                                                  (405) 235-9909 Telephone
                                                  (405) 235-9929 Facsimile
                                                  mcgrewslaw@yahoo.com
                                                  **ATTORNEYS FOR THE PLAINTIFFS**