IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN HENRY KOONTZ and<br>LILLIAS MATHIE KOONTZ,<br><br>      Plaintiffs,<br><br>v.<br><br>CSAA FIRE & CASUALTY<br>   INSURANCE COMPANY,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. CIV-18-801-SLP<br>)<br>)<br>)<br>)<br>)<br>) |

**O R D E R**

Before the Court are two motions, both of which relate to Plaintiffs' efforts to conduct Rule 30(b)(6) depositions of Defendant. Plaintiffs filed their Motion to Compel Regarding Plaintiffs' Rule 30(b)(6) Deposition of Defendant [Doc. No. 34], to which Defendant responded. *See* Resp., Doc. No. 37. Defendant filed its Motion for Protective Order in Connection with Plaintiffs' Rule 30(b)(6) Deposition Subpoena [Doc. No. 38], to which Plaintiffs responded. *See* Resp., Doc. No. 39. The Court conducted a hearing on August 15, 2019, and both motions now are at issue. This case contains breach of contract and breach of the duty of good faith and fair dealing allegations related to an insurance claim made by Plaintiffs to Defendant for hail-caused damages to Plaintiffs' home.[1]

---

[1] Plaintiffs label their Rule 30(b)(6) deposition notice as a "deposition subpoena." *See* Dep. Subpoena, Doc. No. 34-1. But it references only Rule 30 (not Rule 45), and it does not meet the requirements for a valid subpoena. *See* Fed. R. Civ. P. 45(a)(1)(A)(iv). The Court therefore assumes Plaintiffs' document title includes an unintended error and that Plaintiffs meant to issue a deposition notice. The Court construes Plaintiffs' "deposition subpoena" as a deposition notice issued pursuant to Rule 30. *See* Fed. R. Civ. P. 30(b)(1).

**I.       Applicable standards**

Discovery is limited to information and materials "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Proportionality is determined by "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

In addition, Federal Rule of Civil Procedure 26(c)(1)—upon which Defendant's motion is based—requires both that a moving party show "good cause" for a protective order to issue and that the basis for such an order be "protect[ion] . . . from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "The good cause standard of Rule 26(c) is highly flexible, having been designed to accommodate all relevant interests as they arise." *Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008) (quotation marks and citations omitted).

**II.      Dates of Plaintiffs' Rule 30(b)(6) depositions of Defendant**

Plaintiffs indicate that they are prepared to conduct the Rule 30(b)(6) depositions of Defendant's designees on the noticed dates of August 19 and 20, 2019, but recognize (as Defendant asserts) that this is not feasible based on the short amount of time left before those dates arrive. The parties have not agreed on a location for such depositions, and which topics will be covered has not been determined fully (until this Order), so making and executing travel arrangements for not-yet-identified designees and/or for counsel to

2

travel to not-yet-determined locations within just a few days is likely to be difficult and expensive. The Court therefore declines to order the parties to conduct the Rule 30(b)(6) depositions of Defendant's designees on August 19 and 20, 2019.

Instead, the Court ORDERS the parties' counsel to meet and confer *in person* within five days of issuance of this Order and mutually agree to dates for the depositions. If counsel cannot agree, Plaintiffs may file a motion not to exceed three pages within two days of the conference limited to an indication of their preferred dates and the reasons therefore. Defendant may file a response not to exceed three pages within two days of Plaintiffs' filing, indicating its preferred dates and the reasons therefore. The Court will choose from those submissions.

In relation to this issue, Defendant orally moved during the hearing for a 30-day extension of time for discovery, with a concomitant continuance of the trial in this case. The Court declines to extend the entirety of the remaining deadlines in this trial by 30 days and to delay trial due to a lack of good cause shown for the same. *See* Fed. R. Civ. P. 16(b)(4) advisory committee's note (1983) ("[T]he [C]ourt may modify the schedule on a showing of good cause if [the scheduling order's deadlines] cannot reasonably be met despite the diligence of the party seeking the extension."); *accord Oklahoma ex rel. Doak v. Acrisure Bus. Outsourcing Servs., LLC*, 529 F. App'x 886, 891 (10th Cir. 2013) (unpublished). As the Court pointed out at the hearing, discovery in this case has been ongoing for nearly eleven months and only one deposition has been conducted. There is no indication that the diligence required to show good cause exists. Still, to allow the parties time to complete the depositions of Defendant's Rule 30(b)(6) designees, the Court

extends the discovery deadline in this case's Scheduling Order [Doc. No. 24] from September 1, 2019, to September 16, 2019.  The remainder of the deadlines in the Court's Scheduling Order (i.e., ¶¶ 8-16 therein) and the trial setting remain the same.  The parties' discovery efforts during this extended time frame are not limited to depositions of Defendant's Rule 30(b)(6) designees; the Court extends discovery generally.

**III.     Location of Plaintiffs' Rule 30(b)(6) depositions of Defendant**

Defendant indicates that up to three designees may be needed to respond to the deposition topics identified by Plaintiffs and that these designees are located in each of Oklahoma, California, and Colorado.  The Court does not believe that Plaintiffs should be forced to travel to two different locations to conduct Rule 30(b)(6) depositions (in addition to an Oklahoma City deposition).  The generally accepted approach to this issue is that Rule 30(b)(6) depositions are conducted where the defendant corporation's principal place of business is located, absent an agreement of the parties or justice requiring otherwise. *See Thomas v. Int'l Bus. Machs.*, 48 F.3d 478, 483 (10th Cir. 1995) ("[T]he deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business." (quotation marks and citation omitted)).  Here, the parties have presented no compelling reason to detour from this general rule unless it is to conduct the depositions in whole or in part in Oklahoma City—where Plaintiffs' counsel and Defendant's counsel are both located.

The Court therefore ORDERS that Plaintiffs' Rule 30(b)(6) depositions of Defendant's designees shall occur in no more than one non-Oklahoma location.  In the interest of efficiency, Defendant may choose whether the depositions will take place in

Oklahoma City, Oklahoma or will take place both in (or near) Walnut Creek, California (which is the location of Defendant's headquarters and appears to be a suburb of Oakland, California) and in Oklahoma City, Oklahoma. Defendant shall inform Plaintiffs of its selection within five days of issuance of this Order.

**IV.     Total time for Plaintiffs' Rule 30(b)(6) depositions of Defendant**

The parties dispute how much time should be allowed for the combined depositions of Defendant's Rule 30(b)(6) designees. This inquiry is answered by reference to the Rules Advisory Committee's notes to Rule 30 which, while not binding, are accorded great weight by the Court in interpreting and applying the Rules: "For purposes of th[e] . . . . durational limitation of one day of seven hours for any deposition . . . . , the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition." Fed. R. Civ. P. 30(d)(2) advisory committee's note (2000). Thus, Plaintiffs may be allowed up to seven hours of deposition time for each of Defendant's Rule 30(b)(6) designees. However, Plaintiffs indicate that they need only nine total hours for the depositions of all of Defendant's Rule 30(b)(6) designees. Accordingly, the Court ORDERS that Plaintiffs are allowed up to nine hours for the combined depositions of Defendant's Rule 30(b)(6) designees, to be divided as Plaintiffs desire among such designees, but with no designee to be questioned for more than seven hours. Whether Defendant's designees are presented on a single day or on consecutive days is to be decided by Defendant, with Defendant to inform Plaintiffs of its selection within five days of issuance of this Order.

**V.      Deposition topics for Plaintiffs' Rule 30(b)(6) depositions of Defendant**

To depose a corporate designee, a party is required to "name as the deponent a public or private corporation [or other entity] and . . . describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6).  The parties represented at the hearing that the only remaining issue for the Court's decision is whether Plaintiffs (a) only will receive documents or (b) will both receive documents and have the chance to inquire of a deponent regarding Topic Nos. 70-74.  These topics request a "[d]escription of the financial condition of Defendant," the "Net Income Before Taxes [of Defendant] for financial years 2016, 2017, and 2018," the "Gross Revenue [of Defendant] for financial years 2016, 2017, and 2018," "Statement[s] of Assets, Liabilities, and Net Worth [of Defendant] . . . . for each financial year of 2016, 2017, and 2018," and identification of documents containing this information.

The Court finds Topic No. 70 (seeking a "[d]escription of the financial condition of Defendant") to be too vague for Defendant to prepare a Rule 30(b)(6) designee.  As to Topics 71 through 73, the Court finds such information to be discoverable (which Defendant does not dispute), but that it can and should be done via document production, not testimony in a Rule 30(b)(6) deposition.  Plaintiffs' argument that they need deposition testimony to "confirm[ Defendant's documents] and bind[]" Defendant to the documents produced fails—at least absent circumstances not present here such as an indication from Plaintiffs that the financial information produced by Defendant is incorrect in some way. Requiring both document production and a deponent from Defendant on these topics is not proportional in light of Defendant's agreement to produce documents showing the

6

information requested by Plaintiffs.  *See* Fed. R. Civ. P. 26(b)(1); *Field v. State Farm Auto. Ins. Co.*, No. CIV-18-284-C, 2019 WL 1521989, at *3 (W.D. Okla. Apr. 8, 2019).

Therefore, to the extent Defendant seeks a protective order to prevent Plaintiffs from inquiring regarding the financial information sought by Plaintiffs, Defendant's request is GRANTED.  To the extent Defendant seeks a protective order to prevent Plaintiffs from receiving documentation of the financial information sought by Plaintiffs, Defendant's request is DENIED.  Defendant's request for a protective order is GRANTED as to Topic No. 70, DENIED as to Topic. No. 74; and GRANTED IN PART and DENIED IN PART as to Topic Nos. 71 through 73.  Defendant's request for a protective order as to the remaining topics is MOOT in light of the parties' pre-hearing agreement regarding those topics.

## VI.    Conclusion

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Compel Regarding Plaintiffs' Rule 30(b)(6) Deposition of Defendant [Doc. No. 34] is GRANTED IN PART and DENIED IN PART for the reasons stated herein.

IT IS FURTHER ORDERED that Defendant's Motion for Protective Order in Connection with Plaintiffs' Rule 30(b)(6) Deposition Subpoena [Doc. No. 38] is GRANTED IN PART and DENIED IN PART for the reasons stated herein.

IT IS FURTHER ORDERED that Defendant's oral motion for a 30-day extension of the remaining deadlines in the Scheduling Order [Doc. No. 24] is GRANTED IN PART and DENIED IN PART for the reasons stated herein.

IT IS SO ORDERED this 15th day of August, 2019.

*[signature]*

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE